NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
E-Mail:      Niv@DavidovichLaw.com
CHARLIE Z. STEIN, ESQ. (State Bar No. 265361)
E-Mail:      Charlie@DavidovichLaw.com
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:  (818) 661-2420
Facsimile:  (818) 301-5131

Attorneys for Defendant and Third-Party Plaintiff
CALIFORNIA LANDMARK SHG, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION – FIRST STREET COURTHOUSE

| | |
|---|---|
| BRIAN WHITAKER,<br><br>                Plaintiff,<br><br>v.<br><br>CALIFORNIA LANDMARK SHG, LLC, a Delaware Limited Liability Company; TEAM MWB-LA LLC, a California Limited Liability Company; and DOES 1-10,<br><br>                Defendants. | Case Number 2:19-CV-08399 DMG (FFMx)<br><br>**CALIFORNIA LANDMARK SHG, LLC'S RULE 14 THIRD-PARTY COMPLAINT AGAINST E&N ASSOCIATES, ELIAS SHOKRIAN, NASSIR SHOKRIAN, ELSHIR ENTERPRISES, LP, AND JESS ENTERPRISES, LLC**<br><br>Action Filed:      September 29, 2019<br><br>*[Assigned to the Honorable Dolly M. Gee, District Judge – Courtroom 8C]*<br><br>*[Assigned to the Honorable Frederick F. Mumm, Magistrate Judge – Courtroom 580]* |
| CALIFORNIA LANDMARK SHG, LLC, a Delaware limited liability company,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>E&N ASSOCIATES, a California general partnership; ELIAS SHOKRIAN, an individual; NASSIR SHOKRIAN, an individual; ELSHIR ENTERPRISES, LP, a California general partnership; JESS ENTERPRISES, LLC, a California limited liability company; and ROES 1 through 10,<br><br>                Third-Party Defendants. | |

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

**CALIFORNIA LANDMARK SHG, LLC'S RULE 14 THIRD-PARTY COMPLAINT**

## INTRODUCTION

Defendant and Third-Party Plaintiff CALIFORNIA LANDMARK SHG, LLC, a Delaware limited liability company ("Landmark") hereby brings this Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14 against Third-Party Defendants E&N ASSOCIATES, a California general partnership ("E&N"), ELIAS SHOKRIAN, an individual ("E. Shokrian"); NASSIR SHOKRIAN, an individual ("N. Shokrian"); ELSHIR ENTERPRISES, LP, a California general partnership ("Elshir"); and JESS ENTERPRISES, LLC, a California limited liability company ("Jess") (E&N, E. Shokrian, N. Shokrian, Elshir and Jess are sometime collectively referred to herein as "Third-Party Defendants") alleges as follows:

## PARTIES

1. Landmark is a California limited liability company with its principal place of business in Los Angeles, California.

2. Landmark is informed and believes and thereon alleges that Third-Party Defendant E&N ASSOCIATES is a California general partnership with its principal place of business in Los Angeles, California.

3. Landmark is informed and believes and thereon alleges that Third-Party Defendant ELIAS SHOKRIAN is an individual residing in Los Angeles, California. Landmark is informed and believes that E. Shokrian is a partner of E&N.

4. Landmark is informed and believes and thereon alleges that Third-Party Defendant NASSIR SHOKRIAN is an individual residing in Los Angeles, California. Landmark is informed and believes that N. Shokrian is a partner of E&N.

5. Landmark is informed and believes and thereon alleges that Third-Party Defendant ELSHIR ENTERPRISES, LP is a California limited partnership with its principal place of business in Los Angeles, California.

6. Landmark is informed and believes and thereon alleges that Third-Party Defendant JESS ENTERPRISES, LLC is a California limited liability company with its principal place of business in Los Angeles, California

-1-

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

7.     Landmark is informed and believes and thereon alleges that E&N, Elshir, and Jess are the alter egos of E. Shokrian and N. Shokrian. Landmark is informed and believes and thereon alleges that there exists, and at all times mentioned herein has existed, a unity of interest and ownership between the Third-Party Defendants such that any individuality and separateness between them have ceased and each is the alter ego of the other. Further, Landmark is informed and believes and thereon alleges that E. Shokrian and N. Shokrian control and direct the acts of E&N, Elshir, and Jess such that there is a confusing intermingling of activity between the Third-Party Defendants. As such, Landmark is informed and believes and thereon alleges that adherence to the fiction of the separate existence between the Third-Party Defendants would permit an abuse of the partnership privilege and would promote injustice.

8.     Landmark is informed and believes and thereon alleges that Third-Party Defendants, were and are the agents, employees, officers, directors, principals, parents, subsidiaries, affiliates, joint venturers, co-conspirators, partners subcontractors, alter egos, or representatives of each other with respect to the events and transactions alleged herein. Landmark is also informed and believes and thereon alleges that Third-Party Defendants, and each of them, were involved in the acts, transactions, and omissions alleged herein below and are responsible in whole or in part for the injuries and damages herein alleged. Landmark is further informed and believes and thereon alleges that at all times herein mentioned, each of the Third-Party Defendants, in addition to acting for himself, or itself, on his or its own behalf, individually, is and was at all material times acting as the agent, servant, employee, or representative of each of the other Third-Party Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and with the full knowledge, permission, consent, and/or ratification, either express or implied, of each and every other Third-Party Defendant.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-2-

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

## JURISDICTION AND VENUE

9.     This Third-Party Complaint is derivative of the claims set forth in the main Complaint filed by the Plaintiff. Therefore, jurisdiction over this Third-Party Complaint is proper in this United States District Court for the Central District of California pursuant to 28 U.S.C. § 1367.

10.     Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and (3) because the Third-Party Defendants reside in this District and, therefore, are subject to personal jurisdiction here.

## FACTUAL ALLEGATIONS

11.     In this action, Plaintiff Brian Whitaker seeks to recover damages for alleged injuries arising out of Defendants' alleged violation of the Americans with Disabilities Act and Unruh Act.

12.     Plaintiff has alleged that during a visit to the property located at 8737 Santa Monica Boulevard – West Hollywood, California, Plaintiff was met with barriers due to Defendants' failure to provide, among other things, accessible dining surfaces and accessible door hardware.

13.     The allegations set forth in this Third-Party Complaint against Third-Party Defendants involve claims arising out of the same common nucleus of operative facts that is the subject matter of Plaintiff's claims against Landmark.

14.     On or around January 1, 1987, Landmark's predecessor-in-interest, EMIL M. MURAD ("Murad"), entered into a Ground Lease ("Ground Lease") with Third-Party Defendant E. Shokrian.

15.     On or around July 22,1988, Murad and E. Shokrian entered into an amendment to the Ground Lease.

16.     On or around March 12, 1990, Murad and E. Shokrian entered into the Second Amendment to the Ground Lease.

17.     On or around July 16, 1991, Murad and E. Shokrian entered into the Third Amendment to the Ground Lease.

-3-

_Brian Whitaker v. California Landmark SHG, etc. et al._
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

18.    On or around December 26, 1991, Murad and E. Shokrian entered into the Fourth Amendment to the Ground Lease.

19.    On or around February 8, 1994, Murad and E. Shokrian entered into the Fifth Amendment to Ground Lease, wherein E. Shokrian assigned his rights under the Ground Lease to E&N, a partnership consisting of E. Shokrian and N. Shokrian, as well as Arthur C. Reynosa as Trustee of the Jessie R. Orozco 1990 Revocable Trust.

20.    In or around May 21, 2010, Landmark's immediate predecessor-in-interest, SH GLENCOE EXCHANGE, LLC entered into a Settlement Agreement, Mutual Release of Claims and Ground Lease Amendment #6 with Elshir. There is no reference in this amendment to any assignment of rights from Emil Murad to SH Glencoe Exchange, LLC, nor an assignment of rights to Elshir. At the time of signing of this amendment, Elias was the general partner of Elshir.

21.    In or around August 15, 2019, Landmark and Elshir entered into the Seventh Amendment to Ground Lease. At the time of signing of this amendment, Jess is the General Partner of Elshir. According to this Amendment, E. Shokrian is the managing member of Jess.

22.    The Ground Lease states, in paragraph 10.6, entitled Indemnity, in relevant part, "Lessee shall indemnify and hold harmless Lessor from and against any and all liability, loss, damage, fires, penalties, actions, and claims arising from Lessees or any sublessee's use of the Premises… or from the conduct of Lessee's or any such sublessee's business or from any activity, work or things done, permitted or suffered by Lessee or any such sublessee in or about the Premises or elsewhere … or arising from any negligence of Lessee or any such sublessee…"

23.    All damages that are alleged to have been incurred by Plaintiff arose as a result of the use of Third-Party Defendants or the use by sublessees of Third-Party Defendants, at a time that Landmark had no control of the subject property and does not have privy of contract with the tenant where the violations allegedly occurred.

-4-

_Brian Whitaker v. California Landmark SHG, etc. et al._
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

**FIRST CAUSE OF ACTION – CONTRACTUAL INDEMNITY**

**[AGAINST E&N, E. SHOKRIAN, N. SHOKRIAN, ELSHIR, JESS AND ROES 1**

**THROUGH 10]**

24.    Landmark repeats, re-alleges and incorporates by reference all prior pleaded paragraphs as though fully set forth herein.

25.    Landmark's alleged liability to Plaintiff, if any, was caused solely or primarily by the Third-Party Defendants' wrongful, unlawful and/or negligent conduct.

26.    In the event that Plaintiff is able to recover any alleged damages from Landmark, which damages Landmark expressly denies, Third-Party Defendants should be held responsible for such loss.

27.    Landmark has suffered losses and will continue to suffer losses by incurring fees, costs, and expenses in defending against Plaintiff's claims in this action, as well as any amounts paid in settlement as a result of these proceedings, unless Third-Party Defendants defend, indemnify, and hold Landmark harmless.

28.    Pursuant to the Ground Lease and subsequent amendments, Landmark is entitled to indemnification from Third-Party Defendants and damages in an amount sufficient to fully compensate Landmark's losses. The other Third-Party Defendants who are not responsible for indemnification under the Ground Lease continue to be responsible for Landmark' indemnity obligations and damages as the alter egos of the other Third-Party Defendants.

**SECOND CAUSE OF ACTION – EQUITABLE INDEMNITY**

**[AGAINST E&N, E. SHOKRIAN, N. SHOKRIAN, ELSHIR, JESS AND ROES 1**

**THROUGH 10]**

29.    Landmark repeats, re-alleges and incorporates by reference all prior pleaded paragraphs as though fully set forth herein.

30.    By way of its Answer on file herein, Landmark generally and specifically denies each and every allegation set forth in Plaintiff's Complaint.

-5-

_Brian Whitaker v. California Landmark SHG, etc. et al._
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

31.     Without admitting the allegations contained in Plaintiff's Complaint, Landmark alleges that if it is found to be liable to Plaintiff or any other party in this action, or if Landmark pays any amount to Plaintiff by way of settlement, judgment or otherwise, for all or any portion of the alleged damages, Landmark is informed and believe, and thereon allege, that such liability will be due solely to the acts, omissions, negligence or other fault of Third-Party Defendants in this action. Therefore, any liability of Landmark is vicarious, passive or derivative only, arising not from Landmark's acts or omissions, but solely from the acts, breaches and omissions of Third-Party Defendants.

32.     By reason of the foregoing, if Plaintiff or others recover against Landmark, Landmark will be entitled to full and complete indemnity from Third-Party Defendants for any amounts Landmark pays by way of settlement, judgment or otherwise, together with all costs and expenses incurred by Landmark in defending this action, including but not limited to, reasonable attorneys' fees.

## THIRD CAUSE OF ACTION –APPORTIONMENT AND CONTRIBUTION

### [AGAINST E&N, E. SHOKRIAN, N. SHOKRIAN, ELSHIR, JESS AND ROES 1 THROUGH 10]

33.     Landmark repeats, re-alleges and incorporates by reference all prior pleaded paragraphs as though fully set forth herein.

34.     If Plaintiff or others recover against Landmark in this action, Landmark is entitled to indemnity, apportionment of liability and contribution from Third-Party Defendants for their share of any payment Landmark makes, in proportion to the comparative negligence or fault of each Third-Party Defendant in causing damages. Landmark is also entitled to reimbursement from Third-Party Defendants for any payments made in excess of Landmark's proportional share, if any, of fault or negligence contributing to Plaintiff's alleged injuries and damages.

-6-

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

# FOURTH CAUSE OF ACTION –DECLARATORY RELIEF

## [AGAINST E&N, E. SHOKRIAN, N. SHOKRIAN, ELSHIR, JESS AND ROES 1

### THROUGH 10]

35.    Landmark repeats, re-alleges and incorporates by reference all prior pleaded paragraphs as though fully set forth herein.

36.    Plaintiff has alleged that Landmark have caused injury to Plaintiff as a result of failing to maintain the subject property without complying with the Americans with Disabilities Act and Unruh Act.

37.    Pursuant to the Ground Lease and seven (7) subsequent amendments, Landmark has no rights to the subject property to take any action to protect against issues arising under the Americans with Disabilities Act or Unruh Act. Landmark has attempted to take steps to address the alleged damage with Third-Party Defendants

38.    If the outstanding issues as alleged in the Complaint were initially handled by Third-Party Defendants, no further costs would have been incurred by either Plaintiff or Landmark.

39.    An actual controversy has now arisen and now exists between Landmark and Third-Party Defendants, and each of them, with respect to whether all damages occurred as a result of Third-Party Defendants' actions. Landmark is informed and believed and thereupon alleges that Third-Party Defendants dispute the allegations stated hereinabove.

40.    A declaration of rights or duties with respect to property may be a proper subject of declaratory relief. (FRCP 57; *Hasselbring v. Koepke* (1933) 263 Mich. 466, 481-482.) Currently, there exists such a dispute between Landmark and Third-Party Defendants with respect to the damage to the Property and to Plaintiff.

41.    Landmark seeks a judicial determination and a declaration that, for the reasons stated above, Landmark was and is within Landmark's rights and/or applicable law to request and demand Third-Party Defendants' fault for any damages incurred by Plaintiff, if any such damages exist.

-7-

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

42.     A judicial determination is necessary and appropriate at this time so that Landmark and Third-Party Defendants may ascertain their respective rights and duties to the extent they relate to the transactions and occurrences alleged in the Complaint, and to avoid multiplicity of lawsuits.

## AS TO THE FIRST CAUSE OF ACTION

1.     For judgment against Third-Party Defendants in proportion to their own responsibility for any award of damages which the Plaintiff may realize against Landmark;

2.     For reasonable attorneys' fees and costs incurred by Landmark in the defense of this action and relating to Landmark's cross-claims for indemnity, apportionment and contribution; and

3.     For such other and further relief as this Court may deem just and proper.

## AS TO THE SECOND CAUSE OF ACTION

1.     For judgment against Third-Party Defendants in proportion to their own responsibility for any award of damages which the Plaintiff may realize against Landmark;

2.     For reasonable attorneys' fees and costs incurred by Landmark in the defense of this action and relating to Landmark's cross-claims for indemnity, apportionment and contribution; and

3.     For such other and further relief as this Court may deem just and proper.

## AS TO THE THIRD CAUSE OF ACTION

1.     For judgment against Third-Party Defendants, that Landmark are entitled to apportionment of fault or negligence, and contribution from Third-Party Defendants;

2.     For reasonable attorneys' fees and costs incurred by Landmark in the defense of this action and relating to Landmark's cross-claims for indemnity, apportionment and contribution; and

3.     For such other and further relief as this Court may deem just and proper.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-8-

_Brian Whitaker v. California Landmark SHG, etc. et al._
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

## AS TO THE FOURTH CAUSE OF ACTION

1.    For a declaration that Third-Party Defendants are obligated to defend this action for Landmark, represent Landmark's interest herein, and hold Landmark harmless from any and all expenses and costs of suit as a result of injuries incurred by Plaintiff;

2.    For reasonable attorneys' fees and costs incurred by Landmark in the defense of this action and relating to Landmark's cross-claims for indemnity, apportionment and contribution; and

3.    For such other and further relief as this Court may deem just and proper.

## AS TO ALL CAUSES OF ACTION

1.    For costs of suit incurred herein; and

2.    For such further relief as the Court may deem just and proper.

DATED: December 23, 2019    **DAVIDOVICH STEIN LAW GROUP LLP**


By:        /s/ *Charlie Z. Stein*
NIV V. DAVIDOVICH
CHARLIE Z. STEIN
Attorneys for Defendant and Third-Party
Plaintiff CALIFORNIA LANDMARK SHG LLC

DAVIDOVICH STEIN LAW GROUP LLP

6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-9-

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

CALIFORNIA LANDMARK SHG, LLC'S RULE 14
THIRD-PARTY COMPLAINT

**PROOF OF SERVICE [FRCP 5 and L.R. 5-3]**

*Brian Whitaker v. California Landmark SHG, etc. et al.*
United States District Court – Central District of California – First Street
Courthouse – Case Number 2:19-CV-08399 DMG (FFMx)

I, CASANDRA J. BROOME, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is: DAVIDOVICH STEIN LAW GROUP LLP - 6442 Coldwater Canyon Avenue, Suite 209 – North Hollywood, California 91606.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

On December 23, 2019, I served, in the manner indicated below, the following document(s) described as:

**CALIFORNIA LANDMARK SHG, LLC'S RULE 14 THIRD-PARTY COMPLAINT AGAINST E&N ASSOCIATES, ELIAS SHOKRIAN, NASSIR SHOKRIAN, ELSHIR ENTERPRISES, LP, AND JESS ENTERPRISES, LLC**

will be served or was served (a) on the Judge in Chambers in the form and manner required by Federal Rules of Civil Procedure, Rule 5; and (b) on the interested parties in the manner stated below to the address(es) on the attached service list, as follows:

| ☐ | **VIA PERSONAL SERVICE:** Pursuant to F.R.Civ.P. 5 I served the persons and/or entities listed on the attached service list by personal delivery. Listing the Judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed. |
|---|---|
| ☒ | **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and BR, the foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the persons, as listed in the attached service list, are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) listed. |
| ☒ | **VIA UNITED STATES POSTAL SERVICE:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively as follows: |

-10-

*Brian Whitaker v. California Landmark SHG, etc. et al.*
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

**CALIFORNIA LANDMARK SHG, LLC'S RULE 14**
**THIRD-PARTY COMPLAINT**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

| | ☒ | VIA FIRST-CLASS MAIL POSTAGE PREPAID. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed. |
| | ☐ | VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY SERVICE. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed. |
| | ☐ | VIA CERTIFIED MAIL . Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed. |
| ☐ | | **VIA FACSIMILE TRANSMISSION:** Pursuant to F.R.Civ.P. 5 I served the persons and/or entities listed on the attached service list by facsimile transmission. Listing the Judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed. |
| ☐ | | **VIA ELECTRONIC MAIL:** Pursuant to F.R.Civ.P. 5 I served the persons and/or entities listed on the attached service list by Electronic Mail. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed. |

I declare under penalty of perjury under the laws of the State of California and the United States Constitution that the above is true and correct.

Executed on December 23, 2019 in North Hollywood, California.

/s/ *Casandra J. Broome*

CASANDRA J. BROOME

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-11-

<u>Brian Whitaker v. California Landmark SHG, etc. et al.</u>
USDC – CDCA – 1st Street Courthouse
Case Number 2:19-CV-08399 DMG (FFMx)

**CALIFORNIA LANDMARK SHG, LLC'S RULE 14**
**THIRD-PARTY COMPLAINT**

**PROOF OF SERVICE – SERVICE LIST`**

*Brian Whitaker v. California Landmark SHG, etc. et al.*
United States District Court – Central District of California – First Street Courthouse – Case Number 2:19-CV-08399 DMG (FFMx)

Ray Ballister Jr., Esq.                         *Attorneys for Plaintiff BRIAN WHITAKER*
Phyl Grace, Esq.
Russell Handy, Esq.
Dennis Price, Esq.
**CENTER FOR DISABILITY ACCESS**
8033 Linda Vista Road, Suite 200
San Diego, California 92111
Telephone:    (858) 375-7385
Facsimile:    (888) 422-5191
E-Mails:        PhylG@PotterHandy.com

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-12-

*Brian Whitaker v. California Landmark SHG, etc. et al.*          **CALIFORNIA LANDMARK SHG, LLC'S RULE 14**
USDC – CDCA – 1st Street Courthouse                              **THIRD-PARTY COMPLAINT**
Case Number 2:19-CV-08399 DMG (FFMx)